**Paul Douglas CHATHAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-83-778.**

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1986.

Rehearing Denied Jan. 24, 1986.

Dan Brown, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Christy J. Caesar, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge: ·

The appellant, Paul Douglas Chatham, was convicted for Second Degree Burglary in Comanche County District Court, Case No. CRF–82–823, was sentenced to seven years' imprisonment, of which four-and-one-half years were suspended, and he appeals.

Appellant's conviction stems from the alleged burglary of Robert Martin's home where numerous household items were taken on November 1, 1982. The testimony of co-defendant Gabriel Oliver, who pled guilty, implicated the appellant in the burglary. Appellant testified that it was Oliver who broke the window and picked up a television, portable stereo and a camera

and that he entered the home but only picked up two guns.

## I.

The appellant initially asserts that the trial court erred in admitting into evidence his confession as it was given involuntarily. At the *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) hearing prior to trial, the appellant testified that Deputies Thomas and Sims promised him that some of the charges against him would not be filed if he cooperated and that he relied on the promise when he essentially confessed to the burglary. He also stated that he was told that they would send him to prison if he did not cooperate.

Deputy Thomas denied that any promises or threats were made toward the appellant. Thomas testified that he only said the district attorney would be notified whether the appellant cooperated or not, a normal procedure. It was stipulated that Deputy Sims would have testified exactly like Thomas and it was further stipulated that Assistant District Attorney Nelson Erdman, who entered the room twice while the statement was being made, would have testified that he made no promises to the appellant.

■ We find appellant's contention that the trial court should have made a specific finding of fact concerning alleged coercion ill-founded because such a finding was implicit in the court's decision that the confession was voluntary. There can be no doubt that the court's conclusion that the confession is voluntary appeared from the record with "unmistakable clarity." *Harger v. State,* 665 P.2d 827, 830 (Okl.Cr.1983), citing *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).[1]

■ Moreover, this Court has consistently held that it will not disturb the trial court's ruling permitting the introduction of a confession if supported by sufficient evidence that the appellant knowingly and intelligently waived his rights and understood the consequence of this waiver. *Williams v. State,* 648 P.2d 843 (Okl.Cr.1982) and cases cited therein. We find that the trial court had sufficient evidence to justify its ruling and we decline to disturb its finding. This assignment of error is without merit.

## II.

■ Next, the appellant asserts that the court erred in overruling his motion for a mistrial after the court learned that one juror talked with him during a recess toward the completion of the trial. Appellant's contention that the State has the burden to rebut a presumption of prejudice toward him ignores the current statement of the law in *West v. State,* 617 P.2d 1362 (Okl.Cr.1980), which we find dispositive of this issue: "A defendant must show actual prejudice from any alleged jury misconduct and defense counsel's mere speculation and surmise is insufficient upon which to cause reversal." *West,* supra at 1367 and cases cited therein.

■ In the instant case, it was revealed at an in-camera hearing with juror Chanka that he had engaged in a "friendly conversation" with the appellant about wrestling and nothing was mentioned about the case. Clearly, the appellant suffered no prejudice and as defense counsel admitted, it was the State who was possibly prejudiced. Therefore, appellant should not be heard to complain of errors in his favor. This assignment of error has no merit.

## III.

■ In his third assignment of error, the appellant argues that the trial court abused its discretion in not sentencing him in accordance with the jury's recommendation. The jury recommended a seven (7) year suspended sentence, but the trial court ordered him to serve 2½ years, with

1. The in-camera hearing reveals the court's conclusion:

THE COURT: Well, I find that there is sufficient reliability and voluntariness shown that it should be admitted and it will be a matter that the jury can consider then. (Tr. 27).

the remaining 4½ years suspended. It is not the jury's duty to determine whether or not to suspend or defer a sentence. It has long been the rule that this Court will not interfere with the decision of the trial court to deny a suspended sentence in the absence of an abuse of discretion. *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981) and cases cited therein. See also, *Wofford v. State*, 646 P.2d 1300 (Okl.Cr.1982). In the present case, the trial court observed his previous disregard for the law as described in appellant's pre-sentence report, and we find no abuse of discretion in the trial court's decision.

### IV.

Finally, the appellant asserts the following comment as prejudicial comment by the prosecutor in his closing argument: "What is necessary to prevent this Defendant ..." (Tr. 148). This Court fails to see where the appellant was prejudiced as the prosecutor was not permitted to finish his comment, the objection was sustained and he was admonished not to use similar language. Further, the evidence of appellant's guilt was strong and hence we are unable to say that this isolated comment affected the jury's verdict. *Campbell v. State*, 636 P.2d 352 (Okl.Cr.1981), cert. denied, 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1983). This assignment of error is without merit.

For the above reasons, this judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.