**Gregory Wayne LAHEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–295.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., and Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Gregory Wayne Lahey, was convicted in Tulsa County District Court, Case No. CRF-83-98, for the offense of Assault and Battery With Intent to Kill, After Former Conviction of Two (2) Felonies. The jury assessed his punishment at ninety-nine (99) years imprisonment, and he appeals.

Shortly after midnight on July 27, 1982, Linda Marie Shelton left the night club where she worked and walked across the parking lot to another club where she was to meet some of her friends. Her friends had left, but the husband of one of her friends, the appellant, was at the club bar. Ms. Shelton had seen appellant before with his wife.

Appellant asked Ms. Shelton for a ride back to the Oil Capitol Motel, where he and his wife were staying. She agreed and they proceeded to the motel. When they arrived, appellant insisted that she enter the motel with him. When Ms. Shelton refused, the appellant placed a six inch knife to her throat. Ms. Shelton then agreed to go inside. Once inside, she protested to the appellant that she had to leave, as her children were expecting her. The appellant became angry and again placed the knife at her throat, this time asserting some pressure. Ms. Shelton grabbed the knife blade with her hand and

moved it away from her throat, thereby cutting her hand. When she started to scream, appellant struck her three or four times in the head with some object. During this struggle, Ms. Shelton lost conciousness.

The next morning, Ms. Shelton's body was found by Mr. Hambrick, a rural mail carrier, in her abandoned automobile. The tires were flat and the windshield was broken out. At first, Mr. Hambrick thought she was dead and called the police from a nearby house. When he returned to the automobile, he discovered she was still alive and returned to call for an ambulance.

Ms. Shelton was ultimately moved to the St. Francis Hospital where she was cared for by a nurse, Judith Bridewell. Ms. Bridewell had nine years experience in the trauma emergency center. When Ms. Bridewell testified, she described the condition of Ms. Shelton by saying, "As for her physical appearance, I would categorize her as one of the more severely bruised, swollen and people I have seen."

During the time Ms. Shelton was being transported to the hospital, Officer Dan L. Marshall was dispatched to the Oil Capitol Motel to check out a complaint. He and the manager entered room 23, the room in which the appellant was registered. They discovered the room in disorder and blood stains on the floor and bed. At that time, Officer Marshall did not know of the plight of Ms. Shelton. During their investigation, the appellant arrived at the motel in a taxi-cab. When Officer Marshall inquired about the blood in the room, appellant replied that he had cut his finger. Appellant proceeded to walk away from the motel.

Three days later, Tulsa Police Detective Holman took eight photographs to the hospital for Ms. Shelton to view. Appellant's photograph was among the eight, and Ms. Shelton identified him as her assailant.

Under the appellant's first assignment of error, he urges that the trial court erred in allowing the State to amend the information thereby changing the charge against him from Assault and Battery With a Deadly Weapon, After Former Conviction of a Felony, to Assault and Battery With Intent to Kill, After Former Conviction of a Felony. The defendant alleges that this amendment resulted in material prejudice which prevented him from receiving a fair trial.

An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant. 22 O.S.1981, § 304.

It is a well settled rule that an information can be amended, even after trial begins, as long as it does not prejudice the defendant. *Munson v. State*, 583 P.2d 511 (Okl.Cr.1978). The only requirement placed on the State is that the information cannot be amended as to substance or form if it would result in material prejudice to the defendant. *Walker v. State*, 560 P.2d 1040 (Okl.Cr.1977).

In *Shiever v. State*, 94 Okl.Cr. 279, 234 P.2d 921 (1951), this Court, repeating the holding of *Herren v. State*, 72 Okl.Cr. 254, 115 P.2d 258 (1941), asserted that an amendment under some circumstances and facts might be one of substance, but at the same time the defendant would not be misled and it would not have the effect of confusing the defendant as to the nature of the charge against him.

After a review of the record, this Court does not believe the amended information misled or prejudiced the appellant in any way. The facts of the charge remain the same. The State was using the exact same evidence. The appellant was not misled. The amendment did not have the effect of confusing or surprising the appellant as to the nature of the charge against him. There has been no showing that this amendment affected the ability of the appellant to present his defense or otherwise prepare for trial. Therefore, since the amendment to the information did not result in material prejudice to the appellant, we find no error.

The appellant asserts as his second assignment of error that the trial court erred in overruling his motion in limine concern-

ing evidence of the use of a knife prior to the assault and battery.

The appellant is correct in stating that the general rule is that when one is put to trial, one is to be convicted, if at all, by evidence which shows one is guilty of the offense charged. Proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). However, simple logic leads to the conclusion that evidence of crime connected to the offense charged is admissible.

■ There are five accepted exceptions to the general rule of inadmissibility. Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Burks v. State.*

Evidence of a crime other than one charged may be admissible if it tends to show that there was a plan or system which subtended both crimes. Where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first, the second becomes connected and a related transaction, and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second. *Burks v. State.*

In *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980), this Court held that where the offense charged is so connected with other offenses as to form a part of an "entire transaction," evidence of other offenses may be admissible to show the character of the offense charged. And where there is a logical connection with the offense charged, evidence of separate and independent crimes may be admissible.

■ This Court clearly perceives a visible and logical connection between the use of the knife and the physical beating. It reveals motive, intent, and mostly a common scheme or plan. We find no error.

The appellant's third assignment of error alleges that the trial court erred in overruling his motion for a mistrial based on an evidentiary harpoon. The appellant contends that a Detective Robert Holman interjected an evidentiary harpoon into the trial when he informed the trial court of his assignment to the Sex Crimes Unit of the Tulsa Police Department.

Evidentiary harpoons have been found where certain typical features were present: (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are willfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial. *Black v. State*, 664 P.2d 1054 (Okl.Cr.1983).

■ We fail to see how the detective's testimony comes within the definition of an evidentiary harpoon because: (1) it was not voluntary, but was in direct response to a question posed by the prosecutor; (2) it was not specifically calculated by the prosecutor to prejudice the appellant but rather, to establish the detective's credibility and experience in the law enforcement field; and (3) due to the overwhelming evidence of guilt, it did not prejudice the appellant.

This Court fails to see how the detective's response introduced "evidence of other crimes." This Court has held that an implication of another crime which is obvious only to defense counsel is not inadmissible as evidence of other crimes. *King v. State*, 640 P.2d 983 (Okl.Cr.1982). Therefore, this Court finds the appellant's argument groundless and without merit.

■ The appellant's fourth assignment of error alleges that the trial court erred in allowing evidence of an extra-judicial identification by someone other than the victim.

In *Maple v. State*, 662 P.2d 315 (Okl.Cr. 1983), this Court stated that testimony of an extra-judicial identification may be admissible, but it is limited to the identifier herself, not third persons present at the time of the identification.

The appellant asserts that the inadmissible hearsay from Detective Holman improperly bolstered the victim's identification and resulted in his conviction.

However, this is not a case where the attacker was a stranger. The victim was acquainted with the appellant and already knew him by name. We are of the opinion that, in view of the prior identification made by the victim, such evidence was merely cumulative, and any error which might have been committed in this respect was merely harmless. *See also Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977).

As his fifth assignment of error, the appellant alleges that the prosecutor made many improper comments during the trial which denied him a fair and impartial trial.

■ Every instance of improper conduct cited by the appellant has been reviewed. While some of the prosecutor's comments may have been undesirable, we fail to find that any of the comments so prejudiced the appellant, so as to deny him a fair trial. Only when argument by counsel for the State is grossly improper and unwarranted upon some point which may affect the appellant's rights can a reversal for improper argument be justified. *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980).

The Court has stated on numerous occasions that a defendant is entitled to a fair trial not a perfect one. *Jones v. State*, 610 P.2d 818 (Okl.Cr.1980). We find this assignment to be without merit.

■ The appellant's final assignment of error claims that the trial court erred in allowing a witness to testify to irrelevant matters.

The defendant objected to the relevancy of the testimony of Nurse Judith Bridewell concerning the extent of the victim's injuries. The appellant claims that the prosecutor asked the question solely to arouse the passions of the jury, thereby prejudicing him.

Generally, the admissibility of evidence is an issue left to the sound discretion of the trial court, whose ruling will not be disturbed absent a clear showing of abuse resulting in prejudice to the accused. *Owens v. State*, 665 P.2d 832 (Okl.Cr.1983).

This Court is of the opinion that the nurse's testimony went to the issue of whether the appellant had the requisite intent to kill. We find no error in the trial court's discretion.

Therefore, and for the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I write separately to discuss appellant's fourth assignment of error, which alleges that Officer Robert Holman was improperly allowed to bolster the victim's identification testimony over the objection of defense counsel. Testimony of an extrajudicial identification can only be given by an eyewitness, not an officer or any other third party present at the time the extrajudicial identification was made. *Godwin v. State*, 625 P.2d 1262, 1265 (Okl.Cr.1981). Officer Holman's testimony that the victim had selected appellant's photograph from a photographic lineup was clearly and unequivocally improper. *See also Jones v. State*, 695 P.2d 13, 17 (Okl.Cr.1985); *Brownfield v. State*, 668 P.2d 1165, 1168 (Okl.Cr.1983); *Maple v. State*, 662 P.2d 315, 316 (Okl.Cr.1983); *Washington v. State*, 568 P.2d 301, 311 (Okl.Cr.1977). Officer Holman was not an eyewitness to the crime and was merely testifying as a third party to the victim's extrajudicial identification of the appellant.

Therefore, the admission of the third-party testimony concerning the extrajudicial identification was clearly improper and should not have been allowed over defense counsel's objections. I can conceive of no other purpose for the admission of such hearsay testimony other than to bolster the victim's identification. However, on this record there exists more than enough evidence apart from Officer Holman's testimony, to sustain the jury's verdict. There-

fore, I concur in the affirmance of this judgment.