**Jerry Lynn McCRACKEN, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–934.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1997.

Doerner, Saunders, Daniel & Anderson, Jon E. Brightmire, Tulsa, Appellate Defense Counsel.

Capital Post Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

## OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING

JOHNSON, Judge:

Jerry Lynn McCracken, hereinafter Petitioner, was tried by jury before the Honorable Clifford E. Hopper, District Judge, in Case No. CF–90–4347, District Court of Tulsa County. Petitioner was convicted of four counts of First Degree Murder in violation of 21 O.S.1981, § 701.7 and Possession of a Firearm After Former Conviction of a Felony. The jury found the existence of six aggravating circumstances. Petitioner was sentenced to death for each murder conviction and ten years for the possession of firearm conviction. This Court affirmed his judgments and sentences. *McCracken v. State*, 887 P.2d 323 (Okl.Cr.1994). On July

31, 1996, Petitioner filed an Application for Post–Conviction Relief with this Court, pursuant to 22 O.S.Supp.1995, § 1089.

 Petitioner raises ten propositions of error. This Court's review of Petitioner's Application is limited to those issues which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2)[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089. We must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist;

(2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted." 22 O.S.Supp.1995, § 1089(D)(4)(a). The Post–Conviction Procedure Act is not intended to provide a second appeal.[1] This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*,[2] nor will this Court consider an issue which has been waived because it could have been raised on direct appeal but was not.[3] We find that the issues raised in Propositions VIII[4], IX[5], and X[6] are barred by *res judicata.* We find that the issues raised in Propositions IV[7], V[8], VI[9], and VII[10] are

---

1. *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State*, 880 P.2d 383, 385 (Okl.Cr. 1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

2. *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, 511 U.S. 1100, 116 S.Ct. 215, 133 L.Ed.2d 146, (1995); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).

3. *Moore*, 889 P.2d at 1255–56; *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

4. VIII. Mr. McCracken's sentence should be reversed as a result of the trial court's refusal to instruct on the meaning of life without parole, and its failure to respond to the jury's inquiry as to whether life without parole means no chance of parole whatsoever. [Petitioner asks this Court for an order granting state funding to conduct a poll to determine what Oklahomans believe life without parole means. We decline this request and reconsideration of this claim which was raised and considered on direct appeal.]

5. IX. The heinous, atrocious, or cruel aggravating circumstance, as defined for the jury, is unconstitutionally vague.

6. X. The failure of the trial court to admit the video tape confession of David Lawrence, the State's chief witness against Mr. McCracken, violated Mr. McCracken's rights under the Sixth, Eighth, and Fourteenth amendments to the United States Constitution, and therefore Mr. McCracken's conviction should be reversed.

7. IV. This application should be granted and Mr. McCracken's conviction should be reversed based upon the "presumption of not guilty" jury instruction given by the trial court, and ineffective assistance of direct appeal counsel. [In *Walker v. State*, 933 P.2d 327, 335–36 (Okl.Cr. 1997), this Court considered and rejected the attack on the "presumed not guilty" instruction.

A review of this claim in the context of ineffective assistance of trial and appellate counsel is set out in the opinion.]

8. V. This application should be granted and Mr. McCracken's conviction should be reversed based upon the incorrect burden of proof instruction given by the trial court. [Petitioner claims the trial court erred in instructing the jury the State had to prove beyond a reasonable doubt "all the material allegations contained in the Information...." Petitioner alleges that both his trial counsel and appellate counsel were ineffective merely for failure to raise this potentially meritorious claim. A review of this claim in the context of ineffective assistance of trial and appellate counsel is set out in the opinion.]

9. VI. The jury was erroneously instructed that the State's burden of proof in the second stage was to prove the allegations of the Bill of Particulars. [Petitioner alleges that both his trial counsel and appellate counsel were ineffective for failure to raise this potentially meritorious claim. A review of this claim in the context of ineffective assistance of trial and appellate counsel is set out in the opinion.]

10. VII. This application should be granted and Mr. McCracken's conviction should be reversed because there was sufficient evidence to warrant the giving of an instruction on First Degree Manslaughter, which the trial court failed to do. [Petitioner acknowledges that he did not request the instruction or raise the issue on direct appeal. However, relying on *Crawford v. State*, 840 P.2d 627, 638 (Okl.Cr.1992), he contends that this did not relieve the trial court of its duty to instruct the jury on the salient features of the law raised by the evidence without a request by the defense. Petitioner also relies on *Pickens v. State*, 885 P.2d 678, 682 (Okl.Cr.1994), *overruled on other grounds, Parker v. State*, 917 P.2d 980, 986 (Okl.Cr.1996), where this Court held that where the issue of voluntary intoxication is raised by the evidence, failure of the trial court to

waived by not having been raised in Petitioner's direct appeal.

■■■ In Proposition I, Petitioner claims that the recent amendments to the Oklahoma capital post-conviction procedures deny equal access to the courts and deprive him of due process, and that their retroactive application violates the *ex post facto* clause. We recently addressed and rejected these claims in *Hatch v. State*, 924 P.2d 284 (Okl.Cr.1996). This proposition is denied.

■■■ In his second proposition of error, Petitioner claims that to the extent the issues presented in this application are deemed waived or barred, appellate counsel was ineffective for not presenting those issues on direct appeal. Petitioner claims appellate counsel was ineffective for the following reasons: (1) failure to raise ineffective assistance of trial counsel; (2) failure to raise and argue that the trial court gave an incorrect burden of proof instruction in the first and second stages of trial (Propositions V and VI); (3) failure to raise that the trial court failed to instruct on the lesser included offense of manslaughter [Proposition VII]; and (4) failure to challenge the "presumption of not guilty" instruction [Proposition IV]. In *Walker*, 933 P.2d at 333–34, this Court set out the standard of review in examining claims of ineffective assistance of appellate counsel. We (1) determine whether counsel actually committed the act giving rise to the allegation, and if so, (2) ask whether counsel's performance was deficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, and we find it was deficient, we may then consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp.1995, § 1089(C)(2) (the claim must support a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant

instruct on the lesser included offense constitutes reversible error. A review of this claim in the context of ineffective assistance of counsel is set out in the opinion.]

is factually innocent"). Once the claim is deemed properly raised, this Court would then determine the appropriate relief.

We have reviewed and considered the claims presented in Propositions II, IV, V, VI, and VII. While Petitioner has established the conduct supporting his allegations of ineffectiveness actually occurred, he has failed to present facts showing that appellate counsel was unreasonable under the circumstances, that his conduct did not fall within the wide range of professional assistance, or that counsel breached any duty owed to him. *Id.* at 336. Instead, Petitioner argues the substantive claim and implies that counsel's failure to raise the claims as he describes them constitutes ineffective assistance of counsel. As we held in *Walker*, "[t]his is simply not the case, and such a conclusory allegation, standing alone, will never support a finding that an attorney's performance was deficient." *Id.* at 336. Since Petitioner's substantive claims remain procedurally barred and he has not established that appellate counsel's conduct was ineffective, these propositions are denied.

■■■ In Propositions III [11], IV, V, VI, and VII, Petitioner argues ineffective assistance of trial counsel. Ineffective assistance of trial counsel claims are properly before the Court only if they require fact-finding outside the appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover. *McGregor v. State*, 935 P.2d 332, 335, (Okl.Cr.1997). Moreover, "[s]tated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." *Walker*, 933 P.2d at 332 (footnote omitted) (emphasis in original).

11. III. Trial counsel's failure to request a competency evaluation deprived Mr. McCracken of an expert to which he was entitled under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, resulting in effective assistance of counsel.

In this case, the same attorney represented Petitioner both at trial and on direct appeal and thus an ineffective assistance of trial counsel claim was not raised on direct appeal. In this Court's recent decision *Neill v. State*, 943 P.2d 145, 148 (Okl.Cr.1997), we held that no exception is made in the statute for the situation where trial counsel and appellate counsel are the same. Accordingly, we found that the language in the statute overrules our previous conclusions in *Roberts v. State*, 910 P.2d 1071, 1078–79 (Okl.Cr. 1996); *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr.1995); *and Webb v. State*, 835 P.2d 115, 117 (Okl.Cr.1992) wherein we said that we would not require counsel to raise a claim of ineffective assistance on him or herself. *Id.* at 148, n. 2. We must have finality of judgment, counsel must act and not be allowed to forever raise issues on appeal or not raise them and then claim ineffective assistance. Claim denied.

We have examined each of Petitioner's claims. As the information forming the basis of the claims was available to appellate counsel, and as Petitioner has failed to show that appellate counsel could not have obtained the information in question for purposes of raising the issues on appeal, Petitioner's claims for ineffective assistance of trial counsel is waived because it could have been raised on direct appeal, but was not. Additionally, we find that the basis for the claims does not require fact finding outside the direct appeal record. Accordingly, Petitioner's third, fourth, fifth, sixth, and seventh propositions of error are denied.

We next address Petitioner's motions for discovery. He claims "broad authority for discovery" is provided by 22 O.S.Supp.1995, § 1089(D)(3) We addressed this allegation in *Hatch* where we held "this Court does not have the authority to grant general discovery requests absent a showing the request is related to an issue which could have been raised within the scope of Section 1089." *Hatch*, 924 P.2d at 295.

■ Petitioner also makes specific requests for discovery. He claims that his ability to raise meaningful post-conviction claims and to support the claims set forth in this Application is conditioned upon his ability to discover various documents now supposedly in possession of Creekmore Wallace [his trial and direct appeal attorney], law enforcement authority, Tulsa County District Attorney's Office, and/or Tulsa County Jail officials. Theses documents include, but are not limited to, all competency or other psychiatric or medical examinations or evaluations performed on him. This Court has never allowed unfettered discovery in post-conviction proceedings. *Rojem v. State*, 925 P.2d 70, 74 (Okl.Cr.1996). Moreover, the new post-conviction statute in no way broadens a petitioner's discovery rights. Petitioner has failed to explain why he did not obtain at trial the material he now seeks. We thus find he has waived any right he may have had to discover the now sought after documents. *See Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1996, Ch.18, App., Rule 9.7(D)(3).

■ Petitioner's request for an evidentiary hearing specifically as to Propositions I, II, III, IV, V, VI, VII, and generally as to the other propositions in his Application is also denied. We have held that post-conviction applicants are not entitled to evidentiary hearings, and the new capital post-conviction statute does not specifically address motions for evidentiary hearings. Under the statute, it is this Court's responsibility to assess the propositions raised and determine whether "controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist." 22 O.S.Supp.1995, § 1089(D)(4)(a)(1). If such factual controversies are encountered, this Court is free to issue an order for an evidentiary hearing to facilitate post-conviction review. In analyzing Petitioner's ten propositions of error and his request for an evidentiary hearing, we found no material factual issues that would warrant an evidentiary hearing. Again, counsel wants a new trial in the form of discovery. Appellate courts are not the proper place for a new trial. Petitioner's motion is therefore denied.

We have carefully reviewed Petitioner's application for post-conviction relief, his motions for discovery, and his request for an evidentiary hearing, and find he is not entitled to relief. The Application for Post-

Conviction Relief, Motions for Discovery, and Request for Evidentiary Hearing are **DE-NIED.**

CHAPEL, P.J., concurs in result.

STRUBHAR, V.P.J., and LUMPKIN, J., concur.

LANE, J., dissents.

CHAPEL, Presiding Judge, concurring in result:

I concur in result based on stare decisis as to the resolution of trial counsel ineffectiveness claims. See my writing in *Neill v. State,* 943 P.2d 145, 151 (Okl.Cr.1997).

LANE, Judge, dissenting:

I dissent finding that Petitioner has presented a viable issue on the instruction of "presumption of not guilty". *See* my dissent to *Walker v. State,* 933 P.2d 327, 344 (Okl.Cr. 1997). In addition, I disagree with the analysis of what can be raised by post-conviction when ineffective assistance of trial counsel is raised. See my concur in results in *Conover v. State,* 942 P.2d 229, 234 (Okl.Cr.1997).