**David BEHRENS, Petitioner,**

**v.**

**James PATTERSON, Clerk, and Glenda Burris, Deputy Clerk, of Appellate Courts, Respondents.**

**No. O–97–1222.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1997.

Publication Ordered Dec. 16, 1997.

## ORDER ASSUMING ORIGINAL JURISDICTION AND DENYING PETITION FOR WRIT OF MANDAMUS

On August 5, 1997, Petitioner, pro se, filed with the Oklahoma Supreme Court, Case No. 89845, a "Petition for Writ of Mandamus." On September 8, 1997, the Supreme Court entered an Order transferring Petitioner's matter to this Court's docket "[b]ecause the petition for writ of mandamus in this cause complains of the clerk's obedience to Rule 5.4 of the Rules of the Court of Criminal Appeals." *Supreme Court Order* at 1. Review of his Petition reveals Petitioner is complaining of two specific acts or failures to act on the part of Respondents in their official capacity as the Clerk and Deputy Clerk for the Oklahoma Court of Criminal Appeals.

## I. CLERK'S ASSIGNMENT OF FILING DATE TO PETITIONER'S APPELLATE PLEADINGS

The act of which Petitioner first complains is of Respondents' failure to assign what Petitioner believes to be the proper filing date to appellate pleadings which Petitioner caused to be filed in Court of Criminal Appeals Case No. PC–97–755. Petitioner alleges he delivered his appellate pleadings in PC–97–755 to prison authorities on May 27, 1997, for mailing to this Court. It is Petitioner's position that Respondents were therefore required to show his appellate pleadings "filed" on May 27, 1997, regardless of the date such pleadings were actually received by Respondents.[1] As authority for his position Petitioner cites *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Petitioner's reliance upon *Houston* is misplaced. *Houston* raised the question: "Whether under Federal Rule of Appellate Procedure 4(a)(1) ... notices [of appeal by pro se prisoners] are to be considered filed at the moment of delivery to prison authorities for forwarding" to the appellate court clerk? *Houston,* 487 U.S. at 268, 108 S.Ct. at 2381. Although the Supreme Court answered this question in the affirmative, its application or interpretation of a Federal Rule of Appellate Procedure is not controlling as to the construction, application, or interpretation of any Oklahoma rule of appellate procedure. Accordingly, nothing within *Houston* requires this Court or its Clerk to docket appellate pleadings as "filed" on any date or in any manner other than that established by state law. Currently state law and this Court's *Rules* establish the filing date for matters before the Court of Criminal Appeals as the date when "the Clerk's office is open for the performance of public business"[2] and the item is actually received by the Clerk before the close of business in proper order and with the necessary number of copies and all necessary filing fees, or a pauper's affidavit for waiver of filing fees.

---

1. Petitioner makes an issue of this matter because of this Court's July 8, 1997 dismissal of Petitioner's attempted appeal in PC–97–755. This dismissal was entered on the grounds Petitioner failed to lodge a timely appeal within the required thirty days from the final post-conviction judgment he desired to appeal. Through this requested writ, Petitioner apparently hopes to have this Court recognize Petitioner's appellate pleadings in PC–97–755 as having been legally "filed" on May 27, 1997, a date which would bring his appellate pleadings within the thirty-day appellate time period.

2. *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, ch. 18 app., Rule 1.5.

■ Because Petitioner has failed to show himself legally entitled to a filing date of May 27, 1997, and has thus failed to demonstrate Respondents are failing to perform any legal duty not involving their discretion, Petitioner's request for a writ of mandamus to require Respondents to docket Petitioner's initial pleadings in PC–97–755 as being "filed" on May 27, 1997, should be denied.

## II. CLERK'S REJECTION OF PETITIONER'S "MOTION TO RECONSIDER"

The second act or failure to act of which Petitioner complains is of Respondents' return of a pleading delivered to Respondents for filing entitled "Motion to Reconsider Petition in Error/Brief in Support of Post–Conviction." The record reveals this Motion also concerns Court of Criminal Appeals Case No. PC–97–755. The Motion is a request to this Court to reconsider its Order of July 8, 1997, dismissing Petitioner's attempted post-conviction appeal as untimely. The record further reveals Respondents on July 28, 1997, returned Petitioner's Motion to him and effectively rejected the same for filing. Petitioner contends such a decision by Respondents was not an act within their legal discretion to make and requests a writ of mandamus to Respondents requiring them to file and docket Petitioner's Motion of record.

Once this Court has rendered its decision on a post-conviction appeal, that decision shall constitute a final order and the appellant's state remedies will be deemed exhausted on all issues raised in the petition in error, brief and any prior appeals. A petition for rehearing is not allowed and these issues may not be raised in any subsequent proceeding in a court of this State. The Clerk of this Court shall return to the movant any petitions for rehearing tendered for filing.

Rule 5.4, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, ch. 18 app.

■ The July 8, 1997 Order dismissing Petitioner's attempted post-conviction appeal was a "final order" within the meaning of Rule 5.4. Petitioner's Motion, despite its title, is the equivalent of a petition for rehearing and is therefore prohibited by Rule

5.4. Consequently, Respondents' return of Petitioner's Motion was in compliance with Rule 5.4 and in complete accord with the directives of this Court and in complete accord with their duties as Clerk and Deputy Clerk of the Court of Criminal Appeals.

Because Petitioner has failed to show that after this Court's July 8, 1997 order of dismissal in Case No. PC–97–775 he is entitled as a matter of law to file therein his "Motion to Reconsider Petition in Error/Brief in Support of Post–Conviction," Petitioner has therefore failed to demonstrate Respondents are failing to perform any legal duty not involving their discretion. For this reason, Petitioner's request for a writ of mandamus to require Respondents to file the said Motion should be denied.

**IT IS THEREFORE THE ORDER OF THIS COURT** that by reason of the foregoing, original jurisdiction is hereby **ACCEPTED** and the Petition for Writ of Mandamus is **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge