2005 OK CR 21

**Brian Darrell DAVIS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. PCD–2003–686.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 2005.

Wyndi Thomas Hobbs, Oklahoma Indigent Defense System, Norman, OK, Attorney for Petitioner.

## OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, MOTION FOR DISCOVERY AND REQUEST FOR EVIDENTIARY HEARING

A. JOHNSON, Judge.

¶ 1 Brian Darrell Davis, Petitioner, was convicted by jury of First Degree Murder and First Degree Rape in the District Court of Kay County, Case No. CF–2001–733. The district court followed the jury's verdict and sentenced Davis to death for murder and one hundred years imprisonment for rape. Davis appealed and this Court affirmed his Judgment and Sentence in *Davis v. State*, 2004 OK CR 36, 103 P.3d 70.

¶ 2 Davis now seeks post-conviction relief in this Court, raising five propositions of error. Under the Capital Post–Conviction Procedure Act, only those claims that "[w]ere not and could not have been raised in a direct appeal" and that also "[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent" can be raised. 22 O.S.Supp.2004, § 1089(C)(1) & (2). "This Court will not consider issues which were raised on direct appeal and are barred by *res judicata*, or issues which have been waived because they could have been, but were not, raised on direct appeal." *Cummings v. State*, 1998 OK CR 60, ¶ 2, 970 P.2d 188, 190. The burden is on the applicant to show that his claim is not procedurally barred. *See* 22 O.S.Supp.2004, § 1089(C). For purposes of post-conviction, a claim could not have been previously raised if:

1) it is a claim of ineffective assistance of trial counsel involving a factual basis that was not ascertainable through the exercise of reasonable diligence on or before the time of the direct appeal, or

2) it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel.

22 O.S.Supp.2004, § 1089(D)(4)(b)(1) & (2).

¶ 3 In Proposition I, Davis claims trial and appellate counsel were ineffective for failing to challenge at trial and on direct appeal the prosecutor's use of eight peremptory challenges to remove women from the jury, claiming the State engaged in a pattern of gender discrimination that violated his rights to due process and equal protection. Davis contends this claim could not have been raised on direct appeal because appellate counsel also served as trial counsel and the Oklahoma Indigent Defense System has a policy prohibiting a member of the trial team, serving as appellate counsel, from raising a claim of ineffective assistance of trial counsel on direct appeal.

¶ 4 In *Neill v. State*, 1997 OK CR 41, ¶ 7, 943 P.2d 145, 148, we held that under 22 O.S.Supp.1995, § 1089(D)(4)(b)(1), the fact that trial and appellate counsel may be the same did not excuse appellate counsel from

raising a claim of ineffective assistance of trial counsel on direct appeal. The *Neill* court found that the language in the amended Capital Post–Conviction Procedure Act overruled our previous decisions in *Roberts v. State,* 1996 OK CR 7, ¶ 12, 910 P.2d 1071, 1078–79; *Fowler v. State,* 1995 OK CR 29, ¶ 3, 896 P.2d 566, 569; and *Webb v. State,* 1992 OK CR 38, ¶ 11, 835 P.2d 115, 117, holding appellate counsel who was trial counsel in the same case was not required to raise a claim of ineffective assistance regarding his own performance below and that claims of ineffective assistance of trial counsel would be considered on collateral review. *Neill,* 1997 OK CR 41, ¶ 6, 943 P.2d at 148 n. 2. *See also McCracken v. State,* 1997 OK CR 50, ¶ 6, 946 P.2d 672, 676. This Court followed a minority position requiring a criminal defendant to raise ineffective assistance of trial counsel claims on direct appeal or forfeit them.[1] *See Cannon v. Mullin,* 383 F.3d 1152, 1159 (10th Cir.2004).

¶ 5 The Legislature amended the Capital Post–Conviction Procedure Act in 2004. The Act now provides that "[a]ll claims of ineffective assistance of counsel shall be governed by clearly established law as determined by the United States Supreme Court." 22 O.S.Supp.2004, § 1089(D)(4). In *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), the Supreme Court explained why the procedural bars applied to other habeas claims were not suitable for ineffective assistance of counsel claims:

> Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case. Indeed, an accused will often not realize that he has a meritorious ineffectiveness claim until he begins collateral review proceedings, particularly if he retained trial counsel on direct appeal. Were we to ... hold that criminal defendants may not raise ineffective-assistance claims that are based primarily on incompetent handling of Fourth Amendment issues on federal habeas, we would deny most defendants whose trial attorneys performed incompetently in this regard the opportunity to vindicate their right to effective trial counsel ...

*Id.,* 477 U.S. at 378, 106 S.Ct. at 2584–85 (citation omitted).

¶ 6 We recognize the importance of applying our rules of procedural bar uniformly and consistently to effectuate finality of judgment. By amending the Act as it did, the Legislature implicitly overruled the approach adopted by this Court in *Walker*[2] to review ineffective assistance of counsel claims on post-conviction and instead requires this Court to review these claims under the standards in established Supreme Court precedent. Requiring appellate counsel to evaluate his or her own performance and decisions at trial or forfeit a claim of ineffective assistance of trial counsel does not comport with *Kimmelman* because post-conviction applicants are not provided the opportunity to consult with separate counsel on

---

1. The Tenth Circuit has declined to apply Oklahoma's procedural bar to collateral review of ineffective assistance of trial counsel claims, finding Oklahoma's rule that such claims must be raised on direct appeal or forfeited was inadequate and denied defendants meaningful review of their ineffective assistance of trial counsel claims in certain circumstances. *Hooks v. Ward,* 184 F.3d 1206, 1213–15 (10th Cir.1999). While the Tenth Circuit found there was no rigid constitutional rule prohibiting Oklahoma from requiring the presentation of ineffective assistance of trial counsel claims on direct appeal, it held that given the importance of the Sixth Amendment right to counsel it would not apply Oklahoma's procedural bar where a petitioner had the same counsel at trial and on appeal, or where the ineffectiveness claim could not be resolved solely on the basis of the trial record. *See Turrentine v. Mullin,* 390 F.3d 1181, 1206 (10th Cir.2004); *Hooks,* 184 F.3d at 1214; *McCracken v. State,* 268 F.3d 970, 977 (10th Cir.2001); *English v. Cody,* 146 F.3d 1257, 1264 (10th Cir.1998).

2. *Walker v. State,* 1997 OK CR 3, 933 P.2d 327.

appeal in order to obtain an objective assessment of trial counsel's performance. In light of *Kimmelman,* we find that the importance of the Sixth Amendment compels us to consider all claims of ineffective assistance of trial counsel raised in a timely application for post-conviction relief and no longer apply a procedural bar when appellate counsel and trial counsel were the same. This procedure adequately protects a criminal defendant's ability to vindicate his or her constitutional right to the effective assistance of counsel.

¶ 7 We now consider Davis's claim of ineffective assistance of trial counsel. Claims of ineffective assistance of counsel are mixed questions of law and fact which we review *de novo. See Hanes v. State,* 1998 OK CR 74, ¶ 4, 973 P.2d 330, 332. These claims are governed by the two-part *Strickland* test that requires a petitioner to show: [1] that counsel's performance was constitutionally deficient; and [2] that counsel's performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance, Davis must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct and demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Judicial scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Patterson v. State,* 2002 OK CR 18, ¶ 17, 45 P.3d 925, 929. If Davis demonstrates that counsel's performance was deficient, he still must show prejudice before this court may rule in his favor. *Lockett v. State,* 2002 OK CR 30, ¶ 15, 53 P.3d 418, 424. To show prejudice, Davis must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Lockett,* 2002 OK CR 30, ¶ 15, 53 P.3d at 424. This Court may address the performance and prejudice components in any order and need not address both if a petitioner fails to make the requisite showing

for one. *See Lockett,* 2002 OK CR 30, ¶ 15, 53 P.3d at 424; *Davis v. State,* 1999 OK CR 16, ¶ 38, 980 P.2d 1111, 1120.

¶ 8 Generally, a trial attorney's actions during jury selection are considered matters of trial strategy. *See Roberts,* 1996 OK CR 7, ¶ 20, 910 P.2d at 1080; *Cheney v. State,* 1995 OK CR 72, ¶ 69, 909 P.2d 74, 91. The record here shows that after questioning by the attorneys and numerous for-cause challenges, a panel of thirty potential jurors was passed for cause, consisting of fourteen women and sixteen men. Each side then exercised their nine peremptory challenges, leaving a jury of 12 consisting of nine men and three women. Davis is correct that the State exercised eight of its nine allotted peremptory challenges to remove women from the panel. Because of these numbers, it is Davis's theory that women were systematically excluded from the jury.

¶ 9 It is well established that the Equal Protection Clause forbids the use of peremptory challenges to exclude jurors solely on the basis of their gender or race. *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Ezell v. State,* 1995 OK CR 71, ¶ 4, 909 P.2d 68, 70. "The very idea of a jury is a body . . . composed of the peers or equals of the person whose rights it is selected or summoned to determine; that is, of his neighbors, fellows, associates, persons having the same legal status in society as that which he holds." *Batson,* 476 U.S. at 86, 106 S.Ct. at 1717 (*quoting Strauder v. West Virginia,* 100 U.S. 303, 308, 10 Otto 303, 25 L.Ed. 664 (1879)).

¶ 10 Davis claims that trial counsel was ineffective because he did not object to the allegedly deliberate exclusion of female jurors from the jury panel. Given our highly deferential scrutiny of counsel's performance, we cannot find that counsel's failure to challenge the State's use of peremptory challenges was not sound trial strategy. In *Sorensen v. State,* 6 P.3d 657, 662–63 (Wyo.2000) and *State v. Wilson,* 117 N.M. 11, 868 P.2d 656, 663–64 (App.1993), the Wyoming Su-

preme Court and the New Mexico Court of Appeals respectively rejected an ineffective assistance of counsel claim based on failure to make a *Batson* challenge. Both of these courts were unwilling to second guess defense counsel, reasoning that defense counsel might have had sound reasons related to the defendant's theory of the case for not opposing the prosecutor's use of the State's peremptory challenges. It was equally conceivable to those courts that the defense lawyers were satisfied that the final jury selected was a fair cross-section of the community and that the defendant's chances for a favorable outcome would not improve with any changes and might instead lessen. *See Sorensen*, 6 P.3d at 663. We agree with this reasoning because it reflects fitting deference to defense counsel, who had an eyewitness view of the venire, in deciding to make, or refrain from making, a *Batson/J.E.B.* challenge.

¶ 11 Defense counsel here is a seasoned capital trial attorney who raised two *Batson* challenges during the State's exercise of its peremptory challenges. There is no evidence before us to show counsel was unaware of the expansion of *Batson* in *J.E.B.* A review of the jury selection in this case supports a finding that defense counsel's decision not to raise a *J.E.B.* challenge was strategic and that gender-neutral reasons for the removal of the majority of the women were readily apparent. Based on this record, we find no ineffectiveness on this ground.[3]

¶ 12 In Proposition II, Davis claims trial counsel was ineffective for failing to present scientific evidence and supporting witness statements to show Davis did not knowingly and intelligently waive his rights to remain silent and to counsel. He further claims appellate counsel was ineffective for failing to raise on direct appeal a claim of ineffective assistance of trial counsel on this same basis. As discussed in Proposition I, we will consid-

er Davis's claim of ineffective assistance of trial counsel on the merits on post-conviction and no longer apply a procedural bar where trial and appellate counsel were the same.

¶ 13 The record shows defense counsel filed a motion to suppress Davis's November 4th and November 6th statements to the police, arguing that the effects of the medication administered to him on the days of the interview prevented Davis from fully understanding his rights and knowingly and voluntarily waiving them.[4] The issue was litigated in a *Jackson v. Denno*[5] hearing prior to trial and the trial court found that Davis's waiver of rights was not involuntary as a matter of law. Appellate counsel on direct appeal challenged the trial court's ruling and admission of Davis's statements at trial. We held that the evidence supported the trial court's ruling and that the trial court did not err in admitting Davis's statements. *Davis*, 2004 OK CR 36, ¶ 35, 103 P.3d at 80–81.

¶ 14 Davis now claims that his medical records, his expert's report and affidavits of his family members contained in the appendices to his application compel a finding that his waiver of rights was involuntary and that trial counsel was ineffective for not presenting this evidence. *See* Appendices 4 through 15. We disagree and find that he cannot prevail on his ineffective assistance of trial counsel claim. The material neither leads to a conclusion that the trial court's ruling would have been different had counsel presented the information to the court nor that the outcome of his trial would have been different had the information been presented to the jury. At best, the medical records and expert's report show there was a "potential for impairment" from the medications Davis received. The affidavits concerning Davis's clarity were refuted not only by the detectives who interviewed Davis, but by his own medical records.[6] *See* Appendix 6 (Nov. 4th

---

3. Having rejected Davis's claim of ineffective assistance of trial counsel on the merits, he necessarily cannot prevail on his claim of ineffective assistance of appellate counsel on this same basis and we need not address this claim further.

4. Davis did not confess in his November 4th interview; rather, he claimed he could not remember anything. *See Davis*, 2004 OK CR 36, ¶ 37, 103 P.3d at 81.

5. *Jackson v. Denno*, 378 U.S. 368, 380, 84 S.Ct. 1774, 1783, 12 L.Ed.2d 908 (1964) established a defendant's right to an *in camera* hearing on the voluntariness of his confession.

6. All but one of the affidavits address Davis's clarity on November 4th when Davis did not confess, but only claimed he could not remember what had happened.

"Nurses Notes" state that Davis was answering questions appropriately and following commands shortly after his interview on November 4th.) We find trial counsel was not ineffective on this ground.

¶ 15 In Proposition III, Davis claims trial and appellate counsel were ineffective for failing to object at trial and argue on direct appeal that the trial court's findings following the *Jackson v. Denno* hearing did not comport with constitutional requirements and denied Davis due process. Davis argues the trial court did not make the necessary factual findings as required by *Jackson v. Denno, supra,* and *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

¶ 16 As noted above, trial counsel filed a motion to suppress Davis's statements to police. The trial court held a *Jackson v. Denno* hearing and found, after reviewing the totality of the circumstances, that the statements were not involuntary as a matter of law. Stated in the positive, the trial court found that the statements were voluntary and admissible.[7] Trial judges need not make formal findings of fact or write opinions concerning their rulings on the voluntariness of a defendant's confession. *Sims,* 385 U.S. at 544, 87 S.Ct. at 643. The only requirement is that a finding that a confession is voluntary appear in the record with "unmistakable clarity." *Id.* Davis's contention that the trial court should have made specific findings of fact concerning the voluntariness of Davis's statement is ill-founded because such a finding was implicit in the court's decision that the confession was voluntary. The trial court's ruling here satisfied the requirements of *Jackson* and *Sims. See Chatham v. State,* 1986 OK CR 2, ¶ 5, 712 P.2d 69, 71; *Fogle v. State,* 1985 OK CR 50, ¶ 5, 700 P.2d 208, 210; *Harger v. State,* 1983 OK CR 30, ¶ 11, 665 P.2d 827, 830. Because the trial court's ruling complied with *Jackson* and *Sims,* Davis

cannot show that trial and appellate counsel were ineffective in failing to challenge the ruling on this basis. We find no ineffectiveness of trial or appellate counsel on this ground.

¶ 17 In Proposition IV, Davis claims trial and appellate counsel were ineffective for failing to argue that Davis was denied a fair trial due to the admission of Davis's statements given while he was injured and under the influence of medication administered as part of his medical treatment. While this claim was not raised in this exact manner below, the substance of the claim was litigated both at trial by trial counsel and on direct appeal by appellate counsel. As we stated in *Turrentine v. State,* 1998 OK CR 44, ¶ 12, 965 P.2d 985, 989, "[t]hat post-conviction counsel raises the claims in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process." Because this claim was raised and decided on direct appeal, it is barred by *res judicata.*

¶ 18 In Proposition V, Davis claims the cumulative impact of the errors identified in the preceding propositions renders the result of his trial unreliable. We have reviewed each of Davis's claims and found that he has failed to meet his burden to show he is entitled to relief under the Capital Post Conviction Procedure Act. Consequently, when these alleged errors are considered cumulatively, they do not require relief.

¶ 19 We turn finally to Davis's motions for an evidentiary hearing, discovery and supplementation of the record.[8] A post-conviction applicant is not entitled to an evidentiary

---

7. This Court reviewed the record on direct appeal and found that the evidence supported a finding that Davis knowingly waived his rights and that his statements were voluntary and admissible. *Davis,* 2004 OK CR 36, ¶ 35, 103 P.3d at 80–81.

8. Davis requests this Court to issue an order supplementing the record with the material contained in the appendices filed with the verified

application. Rule 9.7(D), *Rules of the Court of Criminal Appeals,* Title 22, Ch. 18, App. (2005), provides that the record on capital post-conviction consists of the original application and any affidavits and material filed along with the original application. Because the material contained in the appendices is part of the record, there is no need to issue an order supplementing the record. The request is **DENIED.**

hearing unless "the application for hearing and affidavits ... contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2005). Davis has failed to make this clear and convincing showing or to overcome the presumption of regularity both in his post-conviction application and appendices and his motion for evidentiary hearing. As for Davis's discovery request, he has failed to show this Court why additional discovery is necessary and has failed to overcome the presumption of regularity. Rule 9.7(D)(3), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2005). His requests for an evidentiary hearing and discovery are denied.

## DECISION

¶ 20 After reviewing Davis's application for post-conviction relief and motion for evidentiary hearing and discovery, we conclude: (1) there exist no controverted, previously unresolved factual issues material to the legality of Davis's confinement; (2) Davis's grounds for review which are properly presented have no merit or are barred by *res judicata;* and (3) the Capital Post–Conviction Procedure Act warrants no relief. Accordingly, Davis's Application for Post–Conviction Relief and Motion for Evidentiary Hearing and Discovery are **DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J. and LEWIS, J.: concur.

C. JOHNSON, J.: specially concur.

LUMPKIN, V.P.J.: concur in part/dissent in part.

LUMPKIN, P.J.: concur in part, dissent in part.

¶ 1 Unfortunately, the Oklahoma Legislature provided little or no insight into the reason(s) why it suddenly amended the Capital Post–Conviction Act in 2004 to state that "[a]ll claims of ineffective assistance of counsel shall be governed by clearly established law as determined by the United States Supreme Court." While I agree the focus of the Opinion is correct when it states this language "implicitly overruled" the approach adopted by this Court in *Walker v. State,* 1997 OK CR 3, 933 P.2d 327, concerning the method of analyzing ineffective assistance of counsel claims, I believe the Opinion paints with too broad a brush in applying the limited purpose of the language.

¶ 2 It seems to me that the Legislature's only intent was to do away with the *Walker* method of reviewing post-conviction ineffective assistance claims. Therefore, I am inclined to agree with the Opinion to the extent it holds, in regards to post-conviction claims of ineffective assistance of trial counsel, that this Court should apply the procedure required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But I believe it goes too far when it states we will "no longer apply a procedural bar when appellate counsel and trial counsel were the same."

¶ 3 The Opinion reads too broadly on this point. That is, the Opinion suggests, whether intentionally or not, that this Court can no longer set its own rules and procedures for reviewing post-conviction ineffective assistance of counsel claims arising from the direct appeal, but must simply defer to the United States Supreme Court. Insofar as the Opinion takes that position or interprets the statute in that manner, I dissent. *See Behrens v. Patterson,* 1997 OK CR 76, ¶ 3, 952 P.2d 990, 991 (finding the Supreme Court's application or interpretation of a federal rule of appellate procedure "is not controlling as to the construction, application, or interpretation of any Oklahoma rule of appellate procedure").

¶ 4 I do not believe either the language of the statutory amendment or the intent of the Legislature was to make sweeping changes in the way this Court does business to the extent the opinion advises. Indeed, the Supreme Court has recognized a State's authority to establish and apply procedural waiver

rules on this very issue. *See Stewart v. Smith,* 536 U.S. 856, 122 S.Ct. 2578, 153 L.Ed.2d 762 (2002) (disallowing federal habeas review of a state procedural rule that is independent of federal law). Thus, it appears to me the statutory amendment is nothing more than a confirmation of the analysis in my *Walker* dissent, which focused on the fact that *Strickland* should be our guide for reviewing ineffective assistance of counsel claims, not the newly formulated *Walker* process.

¶ 5 I find it reasonable and appropriate to restrict this new statutory language to exactly that. Our other rules regarding how and when we will accept and rule on ineffective assistance of counsel claims do not need to be "federalized." Oklahoma can and should retain our tried and proven procedures of review, while applying *Strickland,* just as we did prior to *Walker.* But I cannot join in a wholesale relinquishment of the authority held by the State of Oklahoma and this Court to set our own rules and procedure. It is the responsibility of the judges of this Court to preserve the rights of the State of Oklahoma to establish and administer its rules of procedure, not relinquish those rights.

C. JOHNSON, JUDGE, specially concurring.

¶ 1 I specially concur in the well-reasoned decision by the Court. I personally have a problem with the application of procedural bar, and the use of such terms as "procedural bar," "bar" and "waiver," which strictly pro-hibit consideration of legal issues raised on appeal. I am troubled by the use of these procedural rules which keep this Court from reviewing potentially meritorious claims involving factual innocence, and ineffective assistance of counsel when counsel at trial and on appeal are the same or counsel on appeal and post-conviction counsel are the same.

¶ 2 I recognize that a criminal defendant is entitled to a fair trial—not a perfect trial. *Lahey v. State,* 1987 OK CR 188, ¶ 29, 742 P.2d 581, 585. A fair trial requires effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984)("In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.") This Court has a responsibility under the separation of powers doctrine to review ineffective assistance of counsel claims or other matters raised on appeal, even where the legislature seemingly has precluded review of those claims by legislating what power this Court may exercise.