37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David BEHRENS, Petitioner-Appellant,
v.
Dan REYNOLDS, Respondent-Appellee.
 No. 94-6051.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Behrens appeals from the dismissal of his habeas corpus petition, 28 U.S.C. 2254. The district court dismissed the petition for failure to exhaust state remedies. Our jurisdiction arises under 28 U.S.C. 1291 and 2253, and we affirm.
 
 
 2
 Mr. Behrens challenges the validity of two prior Illinois state convictions used to enhance the sentence imposed upon him in CRF-82-5 and CRF-82-6 (Woodward County, Oklahoma), and claims ineffective assistance of counsel based upon a failure to appeal his conviction. The alleged invalidity of the Illinois convictions, while not clearly articulated, does not involve failure to appoint counsel. Cf. Custis v. United States, 114 S.Ct. 1732 (1994). Mr. Behrens did not directly appeal his conviction or appeal the denial of his application for post-conviction relief.
 
 
 3
 Based on Mr. Behrens' pleadings, we are satisfied that he has failed to demonstrate either that he has met the exhaustion requirement or that an exception to the exhaustion requirement applies. See Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991); Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, the petition must be dismissed. See 28 U.S.C. 2254(b); Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument