**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID BEHRENS,

      Petitioner-Appellant,

v.

GARY L. GIBSON, Warden,

      Respondent-Appellee.

No. 00-6180
(D.C. No. 99-CV-900)
(W.D. Okla.)

---

DAVID BEHRENS,

      Petitioner-Appellant,

v.

DAN REYNOLDS,

      Respondent-Appellee.

No. 00-6203
(D.C. No. 93-CV-1688-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Petitioner seeks review of two district court orders denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254:  one seeking § 2254 relief directly (our No. 00-6180) and the other seeking to "reopen" his 1993 petition for a writ of habeas corpus, which was dismissed for failure to exhaust state remedies (our No. 00-6203).  The matter is now before this court on petitioner's applications for certificates of appealability (COA).  To qualify for a COA, a § 2254 movant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, petitioner must show that his issues are debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings.      See Montez v. McKinna  , 208 F.3d 862, 869 (10th Cir. 2000).

Petitioner was convicted in Oklahoma state court in two separate prosecutions.  He was sentenced in April of 1982 to consecutive terms of imprisonment of eight, thirty-seven, and ninety-nine years.  He did not file a direct appeal.  In 1983 he filed his first state post-conviction application, which was denied by the state trial court in July of 1984.  The Oklahoma Court of

-2-

Criminal Appeals subsequently dismissed that appeal as untimely. He filed his second state application on April 22, 1997, and the state court denied relief on April 28. The Oklahoma Court of Criminal Appeals declined jurisdiction over the appeal from this second application, again on grounds of untimeliness. Petitioner then sought relief by way of mandamus, which was denied in November of 1997. See Behrens v. Patterson, 952 P.2d 990, 992 (Okla. Crim. App. 1997). His third state application was filed shortly thereafter and denied by the state trial court in February of 1998. The Oklahoma Court of Criminal Appeals affirmed the denial in June of 1998.

Petitioner filed his first federal habeas corpus petition in September of 1993. The district court denied relief for failure to exhaust state remedies. Petitioner appealed and we affirmed. Behrens v. Reynolds, No. 94-6051, 1994 WL 562016, at **1 (10th Cir. Oct. 13, 1994) (unpublished disposition).

The present petition was filed in June of 1999, nearly a year after the final disposition of his third state post-conviction application and well beyond the grace period established following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (where petitioner's conviction became final before AEDPA's effective date, one-year period for filing federal habeas petition began to run April 24, 1996). See also 28 U.S.C. § 2244(d)(1).

The time during which petitioner's state habeas application was pending does not count toward the limitations period. See 28 U.S.C. § 2244(d)(2). Thus, the limitations period was tolled until April 28, 1997, when the state trial court denied his second application. In addition, he is entitled to a tolling period during which he could have sought an appeal under state law, see Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000), which in petitioner's case was thirty days. Although petitioner apparently attempted to appeal, the appeal was not timely filed. However, as petitioner acknowledges, he did not file his second federal habeas corpus proceeding until 1999, which was well beyond the AEDPA grace period, as properly tolled. [1]

Petitioner also argues that the limitations period should be equitably tolled, claiming, among other factors, lack of access to the prison law library and the fact that the AEDPA changed two hundred years of federal habeas corpus jurisprudence (requiring the filing of federal petitions within a fixed time period). The district court determined, however, that petitioner was not diligent in pursuit of his habeas claims. We agree. Petitioner waited nine years from the denial of his first state post-conviction application before filing his first federal application. After that dismissal was affirmed by this court (for failure to exhaust

_____

[1] There is also no tolling by virtue of the third state post-conviction proceeding filed in November of 1997 because by then the statutory AEDPA period had run.

-4-

state remedies), he waited another two and a half years before filing his second state post-conviction application. Finally, even after his third state post-conviction action was dismissed, he waited almost a year before filing the federal habeas petition underlying these appeals.

Petitioner's excuses for delayed filings are unpersuasive and sound as neglect. However, a claim of excusable neglect is insufficient because a petitioner must diligently pursue his federal habeas corpus claims. Gibson, 232 F.3d at 808. Moreover, "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Id. (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). That petitioner may have learned of the AEDPA's filing limitations too late is also unavailing. See Miller, 141 F.3d at 978.

In case No. 00-6203, petitioner also argues that the district court erred in denying his motion to reopen the 1993 federal habeas action and to amend that petition. The district court construed this motion as one brought pursuant to Fed. R. Civ. P. 60(b), which grants to district courts limited authority under which to reopen final judgments. The only applicable provision under that rule is section six, which vests power to vacate judgments for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This power, however, is to be utilized only in extraordinary circumstances.

See Johnston v. Cigna Corp., 14 F.3d 486, 493 (10th Cir. 1993). Such motion is directed to the sound discretion of the district court. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). In addition, the sole purpose of reopening the judgment in this case was to amend the initial habeas corpus pleading so that his claims filed in the 1999 federal habeas action could relate back to the earlier action. See R. Doc. 24, at 1 (citing Fed. R. Civ. P. 15 and 60(b)).

Contrary to petitioner's arguments, the second habeas petition was more than just a Rule 15 amendment. Rather, it was a separate pleading, filed nearly six years after the first petition. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000) ("Moreover, 'a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.'" (quoting Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000)). The district court did not err in concluding that "a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition." Marsh, 223 F.3d at 1220. See also Rowe v. LeMaster, 225 F.3d 1173, 1175 (10th Cir. 2000) (noting that under state counterpart to Rule 15, state court did not permit amendment where first habeas proceeding had been reduced to final judgment).

As we have recently held, under Rule 15(c) an untimely amendment to a § 2255 motion, which by additional facts clarifies or amplifies a claim in the original motion, may, in the discretion of the district court, relate back to the original motion only if the original motion was timely filed and if the proposed amendment does not seek to add a new claim or insert a new theory into the case. See United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). In this case, the first federal habeas action concluded in 1994. Plaintiff's motion, filed in 1999, sought to assert separate and distinct claims. The district court did not abuse its discretion in denying defendant's request to amend his petition. See id.

Petitioner has failed to make a showing in either case sufficient to obtain a COA. Accordingly, the applications for certificates of appealability are DENIED, and the appeals are DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge