FILED
United States Court of Appeals
Tenth Circuit

November 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEWIS ROBERSON,

        Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

        Respondent - Appellee.

No. 11-6182

W.D. Oklahoma

(D.C. No. 5:11-CV-00206-HE)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Proceeding *pro se*, Lewis W. Roberson seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Roberson has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Roberson was convicted, *inter alia*, of assault and battery with a deadly weapon after former conviction of two or more felonies, in

violation of Okla. Stat. tit. 21, § 652(A). Represented by different counsel, Roberson filed a direct appeal, arguing (1) the trial court erred by holding a bifurcated, rather than a trifurcated, trial; (2) his convictions violated a state prohibition on multiple punishments; and (3) he was denied the effective assistance of trial counsel. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Roberson's convictions.

Roberson then filed an application for post-conviction relief in Oklahoma state court, raising a claim that his appellate counsel was ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim on direct appeal. Robertson supported this claim with an assertion his trial counsel was ineffective for failing to request a lesser-included offense instruction, *i.e.*, assault and battery with a dangerous weapon.[1] The state district court denied the application for post-conviction relief and the OCCA affirmed, analyzing Roberson's ineffective assistance of appellate counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984) and concluding he failed to demonstrate counsel's alleged deficient performance prejudiced him. *See Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) (holding that an ineffective assistance of counsel claim can be resolved on either the performance component of *Strickland* or the prejudice component). Addressing the underlying substantive claim that Roberson's trial

_____

[1]Roberson did not raise this ineffective assistance claim in his direct appeal.

-2-

counsel was ineffective for failing to seek the lesser-included instruction, the

OCCA concluded that review of any issue Roberson had raised on direct appeal

was barred by the doctrine of *res judicata* and that the issues not raised on direct

appeal were waived. *See Davis v. State*, 123 P.3d 243, 244-45 (Okla. Crim. App.

2005); Okla. Stat. tit. 22, § 1086.

Roberson filed the instant § 2254 habeas application on February 28, 2011,

raising the same two ineffective assistance claims he previously raised in his state

post-conviction application. The district court concluded that Roberson's claim

of ineffective assistance of trial counsel was procedurally barred because it was

procedurally defaulted in Oklahoma state court. The district court determined

that Roberson failed to show cause for the default and actual prejudice or that the

failure to review his claim would result in a fundamental miscarriage of justice.

*See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As part of that inquiry, the

district court addressed Roberson's second ineffective assistance claim, *i.e.*, that

his appellate counsel was ineffective for failing to raise the ineffectiveness of his

trial counsel. *See Murray v. Carrier*, 477 U.S. 478, 446, 451-52 (1986) (holding

that an exhausted claim that appellate counsel provided ineffective assistance

may, in some circumstances, serve as cause to overcome a procedural bar);

*Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998) ("Attorney error

amounting to constitutionally ineffective assistance of counsel constitutes 'cause'

for a procedural default."). Applying the standard set forth in the Antiterrorism

and Effective Death Penalty Act, the district court concluded the OCCA's adjudication of Roberson's ineffective assistance of appellate counsel claim was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, the district court denied Roberson's habeas petition.

This court cannot grant Roberson a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Roberson has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Roberson is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Roberson's application for a COA and appellate brief, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Roberson is not entitled to a COA. The district court's resolution of Roberson's claims is not reasonably subject to

debate and the claims are not adequate to deserve further proceedings. Accordingly, Roberson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

Roberson's motion to proceed in forma pauperis on appeal is **granted**. This court **denies** Roberson's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge