FILED
United States Court of Appeals
Tenth Circuit

April 5, 2024

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KERRY RYAN NOBLES,

    Petitioner - Appellant,

v.

WILLIAM "CHRIS" RANKINS, Warden,

    Respondent - Appellee.

No. 23-6063
(D.C. No. 5:22-CV-00376-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Kerry Ryan Nobles, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 application for a writ of habeas corpus.  *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court").  Exercising

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA and dismiss this matter.[1]

## I. BACKGROUND

### A. *State Cases*

This matter stems from convictions and sentences in five separate state court cases. In two of them, Mr. Nobles was charged with multiple counts of domestic violence, sexual assault, kidnapping, and other offenses. In the other three, he was charged with violating a victim protective order and attempting to prevent a state witness from testifying.

In the first two cases, he pled guilty in 2016 to all but the sexual assault and kidnapping charges. In 2017, the court imposed a sentence of over 60 years, making the convictions final. The court advised Mr. Nobles that, to appeal, he must apply to withdraw his plea within 10 days, and if the application was denied, he could seek certiorari to the Oklahoma Court of Criminal Appeals ("OCCA"). He did not apply to withdraw his plea. Mr. Nobles chose to serve his sentence in an Oklahoma Department of Corrections ("ODOC") prison instead of county jail while awaiting trial on the remaining sexual assault and kidnapping charges in the first two cases and the charges in the other three cases.

---

[1] Because Mr. Nobles appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

In 2018, a jury found Mr. Nobles guilty of witness tampering in one of the other three cases. The court imposed a sentence to be served consecutively to the 2017 sentence. He did not file an appeal.

In 2020, Mr. Nobles pled guilty to the remaining charges. The court modified the 2017 sentence and ordered that the sentences for the 2017, 2018, and 2020 convictions be served concurrently, resulting in a 20-year sentence. Mr. Nobles received credit for time served in county jail, but not for time served in the ODOC prison on the 2017 sentence. As with the 2016 plea, he did not apply to withdraw his 2020 plea.

## B. *State Postconviction Proceedings*

In 2021, Mr. Nobles sought postconviction relief in state court, arguing his 2016 and 2020 guilty pleas were invalid. He alleged that (1) the prosecution failed to disclose exculpatory evidence and engaged in prosecutorial misconduct; (2) the trial court erred in accepting his 2016 plea; (3) the attorneys who represented him leading to the 2017 and 2020 convictions were ineffective for various reasons, including failure to seek withdrawal of his 2016 plea despite his having asked them to do so; (4) his 2020 plea was not knowing and voluntary because he thought he would receive credit for time served in the ODOC prison on the 2017 sentence; and (5) the State breached the 2020 plea agreement by not crediting his prison time. Of these five arguments, (1) and (3) appear to apply to his 2017 and 2020 convictions, (2) to his 2017 convictions, and (4) and (5) to his 2020 convictions. The court construed Mr. Nobles's application as seeking appellate and postconviction relief.

3

The court first said Mr. Nobles could not appeal his 2017 or 2020 convictions out of time, finding he had failed to show he was denied an appeal through no fault of his own. It noted that despite his having been advised on how to perfect an appeal, Mr. Nobles did not move to withdraw his pleas, so he "fail[ed] to take steps to invoke his right to appeal." ROA at 561. It found his allegations that he told counsel to move to withdraw his pleas not "plausible" in light of his failure to appeal any of his convictions, *id.*, and concluded the allegations were "insufficient to meet his burden of demonstrating that he was denied an appeal through no fault of his own," ROA at 562.

The court also denied postconviction relief, determining his application was not verified and therefore did not comply with the statutory requirements to invoke the court's authority under Oklahoma's postconviction procedure. Thus, the court did not address Mr. Nobles's claims on the merits.

The OCCA affirmed in a three-page order. First, it upheld the trial court's finding that Mr. Nobles failed to "provide sufficient evidence or any authority to establish that he was denied an appeal through no fault of his own." ROA at 565. Second, the OCCA affirmed the denial of postconviction relief on an alternative ground, holding that Mr. Nobles's arguments were procedurally defaulted because he "had not established sufficient reason for not" raising them in a timely appeal. *Id.*; *see* Okla. Stat. tit. 22, § 1086.

## C. *District Court § 2254 Proceedings*

In 2022, Mr. Nobles, through counsel, filed his § 2254 application in federal district court. He again challenged his 2017 and 2020 convictions based largely on the

same arguments he raised in the state-court postconviction proceeding.[2]  The Respondent Warden moved to dismiss the claims challenging the 2017 convictions, arguing Mr. Nobles was no longer in custody on the 2017 sentence.  He also moved to dismiss the § 2254 application as time-barred under 28 U.S.C. § 2244(d)(1).

The application was referred to a magistrate judge, who recommended dismissal of all claims because Mr. Nobles's arguments were procedurally barred.  The district court overruled Mr. Nobles's objections to the magistrate judge's recommendation, but denied relief on the 2017 convictions on a different ground, granting the Respondent Warden's motion and holding that Mr. Nobles was no longer in custody for those offenses.  The court dismissed the claims challenging the 2020 convictions because Mr. Nobles's arguments were procedurally barred.  It also denied a COA.

## II.  DISCUSSION

### A.  *COA Requirements and AEDPA*

We must grant a COA to review a § 2254 application.  28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  To receive a COA, an applicant must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were

---

[2] In his § 2254 application, Mr. Nobles did not challenge the OCCA's ruling that he could not seek appellate relief out of time.

adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

When a district court dismisses a § 2254 motion on procedural grounds, we will issue a COA only if the applicant shows it is "debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* at 478.

Our consideration of Mr. Nobles's request for a COA must account for the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires "deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004); *accord Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). Under AEDPA, when a state court has adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

When a state court has denied a claim based on a factual determination, a federal court cannot grant habeas relief on that claim unless the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] factual determination only qualifies as unreasonable . . . if all 'reasonable minds reviewing the record' would agree it was incorrect." *Smith v. Aldridge*, 904 F.3d 874, 880 (10th Cir. 2018) (quoting *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (brackets omitted)). Thus, a state court's factual determinations "shall be presumed to be correct" unless the applicant rebuts them

6

by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340;

*see Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013).  "We may not

characterize . . . state-court factual determinations as unreasonable 'merely because we

would have reached a different conclusion in the first instance,'" *Brumfield*, 576 U.S. at

313–14 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010) (brackets omitted)).

## B.  *Procedural Default*

Although the district court dismissed Mr. Nobles's challenges to his 2017

convictions on the ground he was not in custody on those offenses when he filed his

§ 2254 application, we deny his request for a COA because he procedurally defaulted

these challenges in state court.[3]  We may deny a COA on a ground that is supported

by the record even if it was not relied on by the district court.  *See Davis v. Roberts*,

425 F.3d 830, 834 (10th Cir. 2005).  We similarly deny a COA on his challenges to his

2020 convictions because he also procedurally defaulted these challenges in state court,

as the district court held.

### 1.  **Legal Background**

#### a.  *Procedural default*

Under the "procedural default" doctrine, a claim that an applicant presented in

state court cannot be reviewed on the merits in a federal habeas action if it was precluded

---

[3] Although "[§] 2254's in-custody requirement is jurisdictional," *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009), we have "leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (brackets and quotations omitted).

from review in the state court under an "independent and adequate state ground."

*Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1 (1991). "A state procedural

ground is independent if it relies on state law, rather than federal law, as the basis for the

decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). It is adequate if it

"was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60

(2009) (quotations omitted).

     b. *Cause and prejudice*

To overcome a procedural default, a § 2254 applicant must either "demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal

law, or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice." *Coleman*, 501 U.S. at 750. "Cause under the cause and prejudice

test must be something external to the petitioner, something that cannot fairly be

attributed to him." *Id.* at 753. To demonstrate prejudice, "a petitioner must show actual

prejudice resulting from the alleged constitutional violation." *Johnson v. Champion*, 288

F.3d 1215, 1227 (10th Cir. 2002) (quotations omitted).

Ineffective assistance of counsel can serve as cause to excuse a procedural default.

*See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). To establish ineffective

assistance of counsel, an applicant must show (1) constitutionally deficient performance

that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

c.  *Miscarriage of justice*

The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and quotations omitted). A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." (quotations omitted)).

## 2.  **Application**

When the OCCA affirmed the trial court's denial of postconviction relief on both his 2017 and 2020 convictions, it relied on the state procedural default rule that Mr. Nobles waived his claims by not raising them in a direct appeal. *See* Okla. Stat. tit. 22, § 1086; *Hawes v. Pacheco*, 7 F.4th 1252, 1261 n.6 (10th Cir. 2021) (federal habeas court "must focus on the last state court decision explaining its resolution of the petitioner's federal claims" (brackets and quotations omitted)).  The following discussion shows that reasonable jurists would not debate that he cannot overcome procedural default.

a.  *Independent and adequate state ground*

Mr. Nobles contends that Oklahoma's waiver rule is neither independent nor adequate, but we have repeatedly held that it is.  *See, e.g.*, *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002); *Hale v. Gibson*, 227 F.3d 1298, 1330 (10th Cir. 2000).  He presents no authority to the contrary.  Thus, reasonable jurists would not debate that his claims were procedurally defaulted on an independent and adequate state ground.

b.  *Cause and prejudice*

On cause and prejudice, Mr. Nobles argued in district court that his counsel's failure to move to withdraw his 2016 guilty plea excused the procedural default of his postconviction claims challenging both his 2017 and 2020 convictions.[4]  Although counsel's failure to preserve a claim for review in state court may be a basis for overcoming a procedural default, *Edwards*, 529 U.S. at 451, Mr. Nobles has not shown that counsel's alleged ineffectiveness in that regard excused the procedural default of his postconviction claims.  *See Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998) (explaining that to show that counsel's ineffectiveness excused a procedural default, the petitioner must show that counsel's deficient performance prejudiced the defense).

---

[4] We do not address the additional cause-and-prejudice arguments Mr. Nobles raises for the first time in his application for COA.  *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court).

i.  2017 convictions

Because the district court dismissed Mr. Nobles's claims challenging the 2017 convictions based on lack of jurisdiction, it did not address whether his cause-and-prejudice argument excused his procedural default of those claims.  In support of that argument, Mr. Nobles asserted that shortly after his sentencing in 2017, he told his attorney that he wanted to withdraw his 2016 plea.  *See* ROA at 640.  The state trial court found this assertion not "plausible."  ROA at 561.  The OCCA agreed, concluding that "the record fail[s] to establish [he] was denied an appeal through no fault of his own." ROA at 566.  The OCCA thus rejected Mr. Nobles's assertion that counsel was to blame for his failure to perfect his right to appeal.  He did not directly challenge this finding in district court.

Before this court, Mr. Nobles asserts that the state courts' finding was "conclusory," Aplt. Opening Br. at 26.  The OCCA's ruling that Mr. Nobles "has not established sufficient reason for not asserting his current grounds for relief in direct appeal proceedings," ROA at 565, was brief, but the OCCA relied on the state trial court's finding that it was implausible Mr. Nobles told counsel to appeal.  Under that finding, Mr. Nobles could not show either the deficient performance or prejudice elements for ineffective assistance of counsel under *Strickland*.

If we review for AEDPA deference, *see Roberson v. Rudek*, 446 F. App'x 107, 109–10 (10th Cir. 2011) (unpublished) (implicitly agreeing with deferential standard by

11

affirming district court's invocation of AEDPA deference),[5] reasonable jurists would not conclude that the state courts unreasonably applied Supreme Court law, 28 U.S.C. § 2254(d)(1), and/or unreasonably determined facts, *id.* § 2254(d)(2). As to the latter, Mr. Nobles further does not present clear and convincing evidence to rebut the presumption that the state courts' findings of fact are correct. *See id.* § 2254(e)(1); *Littlejohn*, 704 F.3d at 825.

Even if AEDPA deference does not apply, reasonable jurists would not debate that Mr. Nobles's cause-and-prejudice argument does not excuse his procedural default of his claims challenging the 2017 convictions.

### ii. 2020 convictions

In district court, Mr. Nobles did not allege in his cause-and-prejudice argument that he told counsel to file an application to withdraw his 2020 plea. *See* ROA at 640. And he did not raise an ineffective assistance of counsel claim on that basis in the state-court postconviction proceedings. The district court concluded that such a claim was unexhausted, therefore procedurally barred, and could not be used to establish cause for his procedural default of his claims challenging the 2020 convictions. *See Edwards*, 529 U.S. at 452 (explaining that the ineffective assistance of counsel claim "generally must be presented to the state courts as an independent claim before it may be used to

---

[5] *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

12

establish cause for a procedural default." (quotations omitted)).  Reasonable jurists would not debate the correctness of that conclusion.

   c. *Miscarriage of justice*

Mr. Nobles also has not shown a fundamental miscarriage of justice to excuse his procedural default.  He has not made any showing, let alone a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  No reasonable jurist would find otherwise.

## III.  **CONCLUSION**

For the foregoing reasons, reasonable jurists would not debate the district court's decision that Mr. Nobles was not entitled to habeas relief.  We deny a COA and dismiss this matter.

> Entered for the Court
>
> Scott M. Matheson, Jr.
> Circuit Judge